IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-61390-CIV-ZLOCH

BARBARA B. PERESS,

     Plaintiff,

vs.

PAUL H. WAND M.D., P.A.,
a Florida Corporation, and
PAUL H. WAND, an individual,

     Defendants.

_____/

**Plaintiff's Motion for Award of Attorney's Fees
and Reasonable Expenses of Litigation**

     Plaintiff, BARBARA B. PERESS, by and through her undersigned counsel, requests this Honorable Court for an award of reasonable attorney's fees and litigation costs. In support of her motion, Plaintiff would show:

     1.     29 U.S.C. §216(b) authorizes an award of attorney's fees to the prevailing plaintiff in any proceeding to enforce 29 U.S.C. §207.

     2.     Plaintiff's complaint was brought primarily to enforce the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., more specifically § 207 of the FLSA, as well as an unpaid wages claim under Florida Statutes Chapter 448.

     3.     An award of attorneys' fees incurred at the trial court level by a prevailing plaintiff is mandatory under the FLSA. 29 U.S.C. §216(b).

     4.     On October 20, 2008, this Court rendered a Default Final Judgment in favor of Plaintiff against Defendant Paul H. Wand, M.D., P.A.[1] Accordingly, Plaintiff was the prevailing party in this action.

---

[1] On November 18, 2008, this Court entered an Order dismissing individual Defendant Paul H. Wand, M.D. Therefore, this Motion and the relief requested relates only to the corporate Defendant Paul H. Wand, M.D., P.A.

5.      The starting point for determining a "reasonable fee" is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." The Court may increase or reduce the lodestar amount depending on the particular circumstances of the case. Gary v. Health Care Servs., 744 F. Supp. 277, 278 (M.D. Ga. 1990) aff'd., 940 F.2d 673 (11th Cir. 1991).

6.      Plaintiff's counsel must submit appropriate, generally contemporaneous records to support a fee application. Arrington v. NBC, Inc., 26 WH Cases 1079, 1080 (D.D.C. 1984). Plaintiff attaches a detailed bill of all time expended and costs incurred in this matter for the Court's consideration as Exhibit 1.

7.      Attached as Exhibit 2 is the Affidavit of Robert S. Norell. This declaration contains a certification that the declarant has fully reviewed the time records that are the supporting data for the declaration and that the hours claimed are well grounded in fact and justified. The Declaration of Robert S. Norell shows that he spent 9.35 hours of this time litigation this case.

8.      Sworn testimony by counsel that the hours were spent in litigating this case is evidence of considerable weight of the time required and it must appear the time is obviously and convincingly excessive to reduce the hours. Perkins v. Mobile Housing Authority, 847 F.2d at 738 (11th Cir. 1988).

9.      The prevailing party is entitled to attorney's fees for time spent litigating an attorney's fee award. Jonas v. Stack, 758 F.2d 567, 568 (11th Cir. 1985). Johnson v. Univ. College of Univ. Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983). The Declaration of Robert S. Norell and billing records shows he spent 1 hour in preparing a declaration, final detailed billing statement and this Motion.

10.      The Affidavit of Mr. Sharp (Attached as the 3rd Exhibit) indicates that he has known Robert S. Norell since January 1994. He is aware of Norell's education, experience and

reputation in this community. Mr. Sharp states in his affidavit his opinion that a reasonable hourly rate in the local community for a lawyer with the length and type of experience, education, professional accomplishments and reputation of Robert S. Norell in an FLSA case such as the case at bar is $295 to $325 per hour.

11.     The Affidavit of Christopher C. Sharp indicates that he has reviewed the files of Robert S. Norell, his affidavit and his original timeslips records. He is familiar with Norell, his length of experience as a lawyer, his reputation in the community, his skill and experience and the hourly rate received by those lawyers for work of equal quality to that performed in the present case by Mr. Norell. It is the opinion of Mr. Sharp that a reasonable prevailing market rate in our local community for services similar to those performed by Norell in the present case by a lawyer with reasonably comparable skills, experience and reputation is $295 to $325 per hour.

12.     Fee awards are to be calculated based on prevailing market rates in the local community for similar services by lawyers of reasonably comparable skill, experience and reputation. Blum v. Stenton, 465 U.S. 886, 894 (1984). Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir. 1988).  Evidence of comparable skill should be defined in terms of length and type of experience, education, professional accomplishments and reputation. Perkins, 847 F.2d at 737, n.1. The court should also analyze the skills of organization, efficiency, knowledge of trial practice, knowledge of substantive law and persuasiveness in determining the skill level of the lawyer seeking an award of attorney's fees. Norman, 836 F.2d at 1299.

13.     Robert S. Norell has been a member of the Southern District of Florida and the Florida Bar since 1994. He has successfully obtained relief for Plaintiffs in matters included but not limited to FLSA, Title VII, ADEA, ADA, FMLA and ERISA.

14.     As part of Plaintiff's attorney's fees herein, Plaintiff claims the expenses of litigation as set forth on Exhibit 1, Page 2 attached hereto. Those expenses are recoverable as part of Plaintiff's attorney's fees notwithstanding their failure to satisfy the definition of "costs." Johnson, 706 F.2d at 1208 (11th Cir. 1983). In Johnson, the Eleventh Circuit, quoting Dowdell v. City of Apopka, Fla., 698 F.2d 1181, 1192 (11th Cir. 1983), held:

> ". . . with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs . . ." Id. at 1209.

Plaintiff is therefore entitled to recover the expenses and costs set forth as follows:

| Date | Expense | Amount |
|------|---------|--------|
| 8/28/08 | Filing fee: Clerk, USDC Complaint paid | $350.00 |
| 9/12/08 | Service of process fee (2 defendants) | $70.00 |
| | Total Costs | $420.00 |

15.     The total fee for Robert S. Norell requested is $3,038.75 (9.35 hours @ $325.00 per hour). As additional attorney's fees, Plaintiff claims the expenses set forth above in the amount of $420.00.

16.     Additionally, Counsel for the Plaintiff requests fees for his expert attorney, Christopher C. Sharp, Esq., who has reviewed the case, offered an opinion as to the reasonableness and amount of attorney's fees sought, and has spent .2 hours of time at a rate of $350 per hour, for a total of $70.00

## Local Rule 7.3 Certification

17.     By executing this Motion, Counsel for Plaintiff certifies, pursuant to Local Rule 7.3, that Robert S. Norell has fully reviewed the time records and supporting data in support of such Motion and this Motion is well grounded in fact and justified. Counsel for the Plaintiff has

made the required good faith attempt to resolve this matter by agreement with Defendant, but was unsuccessful.

WHEREFORE, based on the foregoing, Plaintiff seeks the following award under 29 U.S.C. 216(b) for attorney's fees and costs of litigation in this case.

## Memorandum of Law

The Fair Labor Standards Act ("FLSA") provides that the Court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The "case law construing what is a 'reasonable' fee applies uniformly to all Federal fee-shifting statutes." City of Burlington v. Dague, 505 U.S. 557, 120 L. Ed. 2d 449, 112 S. Ct. 2638 (1992). In contrast to other fee-shifting statutes where an award of attorneys' fees to the prevailing party is discretionary, an award of attorneys' fees incurred at the trial court level by a prevailing plaintiff is mandatory under the FLSA. 29 U.S.C. §216(b).

Time spent litigating fee requests is recoverable by the plaintiff at the same reasonable hourly rate as for litigating the main case. Jonas v. Stack, 758 F.2d 567, 568 (11th Cir. 1985). Johnson v. Univ. College of Univ. Ala. in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983).

### 1.   Plaintiff's Status as a Prevailing Party

In Buckhannon, the Court stated that in order to have "finally prevailed," a party must have obtained either a judgment on the merits or reached a settlement agreement that was enforced through a consent decree. Buckhannon Bd. & Care Home, Inc. v. W. Virginia Department of Health and Human Resources, 532 U.S. 598, 607, 149 L. Ed. 2d 855, 121 S. Ct. 1835 (2001). In order to fulfill this requirement, a party need only "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Id.; see

also <u>Texas State Teachers</u> <u>v. Garland Indep. School Dist.</u>, 489 U.S. 782, 791-92, 103 L. Ed. 2d 866, 109 S. Ct. 1486 (1989).

It is patently obvious that Plaintiff was the prevailing party in this case as a Default Final Judgment has been entered. Therefore, the entitlement to attorney's fees is triggered. Accordingly, the Court must now consider the reasonableness of Plaintiff's request for attorney's fees.

**2.    Award of Attorney's Fees**

In <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983), the Supreme Court explained that the starting point for determining a "reasonable fee" is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." The Court may increase or reduce the lodestar amount depending on the particular circumstances of the case. <u>Gary v. Health Care Servs.</u>, 744 F. Supp. 277, 278 (M.D. Ga. 1990) <u>aff'd</u>., 940 F.2d 673 (11th Cir. 1991). The applicant bears the burden of establishing entitlement and documenting reasonable hours expended and reasonable hourly rates." <u>See</u> <u>ACLU of Georgia v. Barnes</u>, 168 F.3d 423, 427 (11th Cir. 1999). Additionally, district courts are vested with authority to take into consideration "such factors as it deems appropriate in determining the amount of reasonable attorney's fees to be awarded." <u>Haworth v. State of Nevada</u>, 56 F.3d 1048 (9th Cir. 1995). Plaintiff's counsel must submit appropriate, generally contemporaneous records to support a fee application. <u>Arrington v. NBC, Inc.</u>, 26 WH Cases 1079, 1080 (D.D.C. 1984). If applicants do not exercise billing judgment, courts are obligated to do it for them, and cut the amount of hours for which payment is sought, pruning out those that are excessive, redundant, or otherwise unnecessary. <u>See</u> <u>ACLU v. Barnes</u>, 168 F.3d at 428.

A reasonable rate of $325.00 per hour is claimed for a total of 9.35 hours litigating this case. As a prevailing party, a plaintiff is entitled to an award of attorneys' fees that may, in appropriate circumstances, substantially exceed the amount of damages awarded. <u>Bonnette v.</u>

California Health & Welfare, 704 F.2d 1465, 1473 (court awarded $100,000 in attorneys' fees although damage award was only $18,455). There have been several fee awards upheld where the fees are substantially greater than the underlying recovery for a plaintiff. See Singer v. City of Waco, 324 F.3d 813 (5th Cir. 2003) (upheld trial court's determination that the plaintiffs' fees should not be reduced when only a small portion of the plaintiffs prevailed on their claims ($180,000 out of $5 million)). See also Mazut v. Colonial Park Props., Inc., 2004 U.S. App. LEXIS 4242 (9th Cir., 2004) ($13,032 fee award affirmed for $830.75 recovery). Wales v. Jack M. Berry, 192 F. Supp. 2d 1313, 1326 (D. Fla., 2001) ($483,878.99 attorney's fees and costs award for approximately $21,000 recovery); Perdomo v. Sears, Roebuck & Co., 1999 U.S. Dist. LEXIS 20881 (D. Fla., 1999) ($117,629.51 attorney's fees award for $17,140.84 jury verdict); Johnson v. Snyder, 639 F.2d 316 (6th Cir. 1981) (per curiam) (Court upheld an attorney fees award of $8,600 although only nominal damages of one dollar had been awarded).

Although the degree of success is an important factor that this Court must consider in determining Plaintiff's attorney's fees, success in an FLSA case should not be judged on the amount of the Plaintiff's recovery alone.  In Singer, the Fifth Circuit Court of Appeals stated: "We have made clear that while a low damages award is one factor which a district court may consider in setting the amount of attorney's fees, this factor alone should not lead the district court to reduce a fee award."  Singer, 324 F.3d  at 830, relying on Hollowell v. Orleans Reg'l Hosp. LLC, 217 F.3d 379, 392 (5th Cir. 2000).

In Hensley, the Supreme Court focused on the issues on which the plaintiff did or not prevail; the nature of amount of relief obtained was not discussed. 461 U.S. 424.  In the present case, RODRIGUEZ obtained relief on the major issues that she raised, i.e., the FLSA overtime and minimum wage claims, as well as the Florida minimum wage claim.  If too much emphasis is placed on the amount of the recovery in determining fee awards, and this Court reduces

Plaintiff's fees, then attorneys might not be willing to accept cases involving relatively small monetary claims even though such cases implicate the important policies underlying the FLSA.

If too much emphasis is placed on the proportion of the fee award to the underlying amount recovered, that too would have a negative effect on getting attorneys to represent plaintiffs in cases where the underlying claim is not worth much.

In City of Riverside v. Rivera, 477 U.S. 561, 574 (1986), the Supreme Court upheld a $245,456.25 fee award in a civil rights case where damages were $33,350. The rationale for so doing is directly applicable to this case. Riverside was a civil rights case in which the Mexican-American plaintiffs successfully challenged police conduct in breaking up a peaceful party and arresting some of the invitees. The Court stated that a rule of proportionality "would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts." 477 U.S. at 578. The Court also cited the reluctance of many attorneys in the community to handle similar cases.

Although this case did not involve "civil" or constitutional rights, it did involve rights nearly as important. In an FLSA case, the Sixth Circuit affirmed $40,000 in attorneys' fees where the unpaid wage damages were $7,680. Fegley v. Higgins, 19 F.3d 1126, 1130 (6th Cir. 1994), cert. denied, 513 U.S. 875 (1994). The court held:

> The purpose of the FLSA attorney fee provision is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here encourages the vindication of congressionally identified rights. Id. at 503. Indeed, we have "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." Posner v. The Showroom, Inc., 762 F.2d 1010, 1985 WL 13108 at * 2 (6th Cir. 1985) (unpublished).
>
> [W]e cannot say the district court abused its discretion in awarding $40,000 in attorney fees to Fegley. We note that this lawsuit furthers the objectives of the FLSA by penalizing an employer who neglected to pay an employee overtime or to even maintain any records of his hours worked; it therefore encourages employer adherence to the mandates of the FLSA in the future.

Id. at 1134-35.

In <u>Perdomo</u>., 1999 U.S. Dist. LEXIS 20881, a case out of the Middle District of Florida that awarded $117,629.51 in attorneys' fees and costs for a $17,140.84 jury verdict, the court stated:

> This Court will not reduce the lodestar amount of attorney's fees awarded to Plaintiffs because Defendant feels that Plaintiffs achieved limited success.  The Eleventh Circuit has previously stated that the Court's focus in awarding attorney's fees should be on the overall results obtained in the civil rights action, not only on the monetary relief granted.  <u>See</u> <u>Norman,</u> 836 F.2d at 1302. Therefore, the Court will not place undue emphasis on the monetary amount of recovery obtained by the successful Plaintiffs in this case. The Plaintiffs in this case have vindicated "congressionally identified policies and rights" and are therefore entitled to a reasonable attorney's fee award.  <u>See</u> Fegley 19 F.3d at 1134-35. This reasonable attorney's fee award will not be reduced because the Plaintiffs have not received what Defendant would characterize as substantial monetary relief.

Notwithstanding, the degree of success that was achieved in this case was exceptional. The Plaintiff was awarded all damages that she claimed.

## <u>Conclusion</u>

It is clear that the Plaintiff is entitled to an award of reasonable attorney's fees and costs in pursuing this matter. The Court should find the requested fees and costs to be reasonably incurred and should not reduce the lodestar as no factors exist to support a reduction.

Dated:  November 21, 2008

By:    s/Robert S. Norell
        Robert S. Norell, Esq.
        Fla. Bar No. 996777
        ROBERT S. NORELL, P.A.
        Counsel for Plaintiff
        7350 N.W. 5th St..
        Plantation, FL 33324
        Tel.: (954) 617-6017
        Fax: (954) 617-6018
        Email: RobNorell@aol.com

## <u>Certificate of Service</u>

I HEREBY CERTIFY that a true copy of the above and foregoing has been served by U.S.

mail on November 21, 2008, on all counsel and parties of record on the attached service list.

s/Robert S. Norell
ROBERT S. NORELL

## <u>SERVICE LIST</u>
CASE NO.: 08-61390-CIV-ZLOCH

Paul H. Wand, M.D., P.A.
2855 N. University Dr., Suite 210
Coral Springs, FL 33065
Method of Service: U.S. Mail