```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-61390-CIV-ZLOCH
```

BARBARA PERESS,

      Plaintiff,                                 **O R D E R**

vs.

PAUL H. WAND, M.D., &
PAUL H. WAND, M.D., P.A.,

      Defendants.
_____/

      THIS MATTER is before the Court upon Plaintiff Barbara Peress's Motion For Attorney's Fees (DE 19). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

      Plaintiff brought this action against Defendants under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (2006) (hereinafter "FLSA"), for unpaid overtime wages. Plaintiff was previously employed in Defendants' medical office. Defendant Paul H. Wand, M.D., P.A., failed to secure counsel and a default final judgment was entered against it. Thereafter, Plaintiff sought to dismiss this action as to the individual Defendant Paul H. Wand, M.D., as a dispensable party, which the Court granted. She now moves under 29 U.S.C. § 216(b) for the attorney's fees and costs she incurred in prosecuting this action. Specifically, Plaintiff claims that her attorney, Mr. Robert Norell, spent over 9 billable hours in his efforts to prosecute this action, totaling fees and costs of more than three thousand dollars.

While a party has a right to attorney's fees incurred in the successful prosecution of his claims under the FLSA, 29 U.S.C. § 216(b), the courts have a corresponding duty to make sure that such an award is reasonable. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what amount of fees to award is vested in the sound discretion of the Court. The adversarial process of the opposing party scrutinizing the fee motion aids the Court in making its determination.

The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2008). To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d

776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). Counsel for Plaintiff Mr. Robert Norell, Esq. requests an hourly rate of $295 per hour. Mr. Norell is a fine attorney, who has always been diligent with his work before the Court. Therefore, the Court finds that a reasonable hourly rate of $250 is fair to compensate Plaintiff for his services.

This amount reflects Mr. Norell's skill as an attorney, his schooling, and the nature and difficulty of the work he performs. A lodestar of that amount cannot be justified for the services of a paralegal whose careful attention to administrative tasks permits an attorney to focus on legal work that requires his highly compensated for expertise. It is unreasonable for an attorney to charge a client at a rate of $250.00 for work that should properly be handled by a paralegal or legal secretary. Therefore, the Court shall also set a lodestar for Mr. Norell of $100.00 for the administrative tasks that he performed on this case.

Once the lodestar is set, the Court must determine the reasonable number of hours expended by Plaintiff's attorney in the successful prosecution of this action. This analysis focuses on

the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted).  The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant.  See id. at 428.  The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded.  Id.  At the same time, the party opposing the fee application must satisfy its obligation to provide specific and reasonably precise objections concerning hours that should be excluded.  Id.  If the party moving for fees fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary."  Id.

The Court has carefully scrutinized Plaintiff's filings and Mr. Norell's timekeeping strikes the Court as accurate and reasonable in all regards.  Therefore, none shall be stricken. However, the Court finds that Mr. Norell performed work on this case of a legal nature for 6 billable hours, for which he shall be compensated at a rate of $250.00 an hour.  Plaintiff will be compensated for 3.35 hours of non-legal administrative work performed by Mr. Norell at a rate of $100.  This brings Plaintiff's

total award for attorney's fees to a total of $1,835.00.  Plaintiff shall also be compensated for costs in the amount of $490.00.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Plaintiff Barbara Peress's Motion For Attorney's Fees (DE 19) be and the same is hereby **GRANTED;** and

2. Plaintiff Barbara Peress does have and recover from Defendant Paul H. Wand, M.D., P.A., the sum of $2,325.00 as attorney's fees and costs incurred in the successful prosecution of this action, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___16th___ day of December, 2008.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record